**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

EDGAR BARRERA,

     Plaintiff,

vs.

HORNERXPRESS MIAMI, INC. a
Florida Profit Corporation,

     Defendant.

_____/

## COMPLAINT

COMES NOW, EDGAR BARRERA, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant HORNERXPRESS MIAMI, INC., a Florida Profit Corporation (hereinafter, "Defendant"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII), the Americans With Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA"), Florida Statutes § 440.205, and the Fair Labor Standards Act, 29 U.S.C § 201, *et seq*. (hereinafter "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff, at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff at all times material hereto, was a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

7. Defendant is a Florida corporation organized and existing under by virtue of the laws of Florida and is registered to do business within Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. All the actions complained of herein took place at the Fort Lauderdale location and within the Southern District of Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that he was subjected to dismissal from employment based on his disability and in retaliation for his disability and requests for an accommodation.

11. Defendant is an "employer" as defined by 29 U.S.C. §203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13. Specifically, Defendant is a distributor of pool equipment to its customers. Defendant supplies and delivers supplies and goods that that have been moved in or produced for commerce to contractors and retailers.

14. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

15. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

16. Plaintiff's Charge was filed on or about September 2, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

17. Plaintiff was terminated from his position on or about July 19, 2021. His Charge was therefore timely filed.

18. Plaintiff was issued a Notice of Right to Sue on September 12, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

19. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

20. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO PLAINTIFF'S OVERTIME CLAIM

21. Plaintiff was a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

22. Plaintiff was employed by Defendant from around July of 2019 through on or about July 19, 2021, as a driver.

23. Throughout his employment, Plaintiff regularly worked 50-65 hours a week. Plaintiff earned $16.90/hour from July 2019 through on or about January 25, 2021, $17.40/hour from January 26, 2021, through the end of his employment. However, Plaintiff was not compensated for some of the hours worked.

24. Specifically, a review of the pay stubs in which Plaintiff has in his current possession, custody, and control reflect that during the relevant time, Defendant would automatically deduct thirty minutes for lunch after six and half hours of work per day regardless of whether Plaintiff was required to work through his meal breaks.

25. As a result of this practice, at all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§201-2019 in that Plaintiff performed services for Defendant for which no provision was made to properly pay Plaintiff for all hours worked.

26. Defendant and its representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

29. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## GENERAL ALLEGATIONS RELATED TO REMAINING COUNTS

30. On or about March 25, 2021, Plaintiff had a work-related accident while driving the company truck.

31. As a result of the accident, Plaintiff suffered injuries to his spine, neck, right shoulder. Plaintiff sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

32. As a result of the accident, Plaintiff was diagnosed with neck pain with cervical disc pathology due to C3-C6 most significant at C5-C6 with there is a disc herniation with cord compression as well as back pain with lumbar disc pathology at multiple levels most significant between L3-L5 where there is evidence of foraminal stenosis.

33. On or about March 26, 2021, Plaintiff was told he was cleared to return to work by his workers compensation doctor with limitations. Specifically, Plaintiff was able to return to activities so long as they adhere to the wight limitation of no more than 10 pounds.

34. On or about March 26, 2021, Plaintiff returned to work and provided a copy of the medical paperwork to his manager, Rosa Cortes (hereinafter, "Ms. Cortes"). Initially, Defendant designated an assistant to work with Plaintiff as an accommodation. However, the assigned assistants were often rotated, and Plaintiff was forced to perform activities that were against his doctor's instructions.

35. Plaintiff made several complaints to the managers regarding the lack of accommodations, and reminder the Defendant of his physical limitations and need for accommodations.

36. Plaintiff made this request of Ms. Cortes on March 30, 2021. Ms. Cortes and disregarded Plaintiff's accommodation requests. As a result, Plaintiff continued working without accommodations despite his limitations until July 19, 2021.

37. On or about July 19, 2021, Plaintiff was terminated without prior notice or warning from his employer.

38. Plaintiff, throughout his tenure with Defendant, had a satisfactory work record and was at all times qualified for his position in that, Plaintiff had not been disciplined and he performed his duties to the satisfaction of his supervisor and had received positive recommendations from his supervisor prior to Plaintiff's termination.

39. Upon information and belief, Defendant's reason for termination, that Plaintiff delivered a late shipment, is false and is pretextual for unlawful discrimination and or retaliation.

40. Defendant acted with intentional disregard for Plaintiff's rights under the FCRA, the FFCRA, the ADA, and the ADAAA.

41. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for accommodation and complaints regarding the Defendant's failure to accommodate were a motivating factor in the decision for the adverse employment action.

42. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

43. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## <u>COUNT I</u>
## VIOLATION OF FLSA/OVERTIME

44. Plaintiff, re-alleges and reaffirms paragraphs 1 through 29 as if fully set forth herein.

45. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating him for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

46. Specifically, Plaintiff worked approximately 50-65 hours during each work week in which he was employed, but he was not paid at time and one-half for all the hours worked.

47. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff was a driver and performed duties such as transporting goods for commerce within Florida, loading and unloading goods, and did not have decision-making authority.

48. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

49. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

50. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff demands judgment for:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/MINIMUM WAGES

52. Plaintiff re-alleges and reaffirms paragraphs 1 through 29 as fully set forth herein.

53. This action is brought by Plaintiff to recover unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 206.

54. At all times during his employment, Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

55. Defendant failed to compensate Plaintiff for some of the hours worked during his employment. Specifically, after six and half hours of work, Defendant made an automatic 30-minute deductions from Plaintiff's pay regardless of whether he took a lunch break.

56. Defendant knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

57. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

58. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

59. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

60. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

61. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant.:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

62. Plaintiff incorporates herein the allegations contained in paragraphs 1–20 and 30-43, inclusive, as though same were fully re-written, and says:

63. Plaintiff is disabled as he suffers from neck pain with cervical disc pathology, disc herniation with cord compression as well as back pain with lumbar disc pathology, which are impairment that substantially limit one or more major life activities; to wit: lifting, pulling and pushing over 10 pounds.

64. Plaintiff was at all times qualified to perform the essential functions of his job as a driver with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual"

as that term is defined in the Americans with Disabilities Act Amendments Act (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

65. The ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of his actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

66. The adverse treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, was the direct and proximate result of Plaintiff's disability, which substantially limited him in one or more major life activity and/or Plaintiff's record of having such disability.

67. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

68. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

69. Defendant engaged in unlawful employment practices in violation of the ADA and ADAAA by discriminating against Plaintiff because of his disability by terminating him because of his condition under the circumstances described above.

70. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

71. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Cortes and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

72. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests that this court enter judgment against Defendant for:

    A.    Actual damages as a result of Defendant's discriminatory actions;

    B.    Punitive damages due to Defendant's willful behavior;

    C.    Compensatory damages;

    D.    Injunctive relief where feasible;

    E.    Attorney's fees;

    F.    Costs of this action; and

    G.    Any other relief this Court deems proper.

**COUNT IV**
**FAILURE TO ACCOMMODATE IN VIOLATION**
**OF THE ADA AND ADAAA**

73. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 and 30-43 of this complaint as if set out in full herein:

74. Plaintiff is disabled as he suffers from neck pain with cervical disc pathology, disc herniation with cord compression as well as back pain with lumbar disc pathology, which are impairment that

substantially limit one or more major life activities; to wit: lifting, pulling and pushing over 10 pounds.

75. Plaintiff is, and at all times was, qualified to perform the essential functions of his job with or without a proposed reasonable accommodation.

76. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

77. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9).

78. At the time of his diagnosis, Plaintiff requested reasonable accommodations in order to be able to perform the essential functions of his job without having to push, pull, or carry anything that weighed over 10 lbs.

79. Plaintiff made this request to Ms. Cortes on March 26, 2021, March 30, 2021. While Defendant initially provided an assistant, the accommodation was not consistent and Plaintiff was forced to lift, carry, push over 10 pounds.

80. These requests were reasonable and would not have caused Defendant undue hardship.

81. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

82. Plaintiff is informed, believes, and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying his request(s).

**WHEREFORE,** Plaintiff requests judgment against Defendant as follow:

      A. Actual damages as a result of Defendant's discriminatory actions;

      B. Punitive damages due to Defendant's willful behavior;

    C.  Compensatory damages;

    D.  Injunctive relief where feasible;

    E.  Attorney's fees;

    F.  Costs of this action; and

    G.  Any other relief this Court deems proper.

**COUNT V**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

83. Plaintiff incorporates herein the allegations contained in paragraphs 1–20 and 30-43, inclusive, as though same were fully re-written, and says:

84. Plaintiff requested a reasonable accommodation on or about March 26, 2021 and March 30, 2021. These requests were made to his manager, Ms. Cortes, who knew of Plaintiff's medical conditions and limitations.

85. While Defendant initially provided an accommodation the same was short-lived and  Plaintiff was required to perform duties that were against the limitations given by his doctor.

86. On or about March 30, 2021, Plaintiff first complained to the managers regarding the lack of accommodations.

87. As a direct result of Plaintiff's request for a reasonable accommodation, Plaintiff was terminated by Defendant on or about July 19, 2021.

88. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

89. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Cortes and/or

other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

90. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff requests that:

    A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

    B.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    C.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

91. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 and 30-43 of this complaint as if set out in full herein:

92. Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

93. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of

15

having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

94. Specifically, Plaintiff alleges that: (1) he was terminated due to his actual disability and (2) Defendant wrongfully denied his reasonable requests for light duty as an accommodation to his disability.

95. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

96. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and Defendant's failure to accommodate, all set forth above, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

97. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

98. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

99. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT VII**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(RETALIATION)**

100.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 and 30-43 of this complaint as if set out in full herein:

101.    Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

102.    On or about March 26, 2021, and March 30, 2021, Plaintiff notified Defendant of his limitations as a result of his work-related injury.  These requests were made to his manager, Ms. Cortes, who knew of his Plaintiff's medical conditions.

103.    This request was a protected activity under the FCRA.

104.    Furthermore, on or about March 30, 2021, Plaintiff complained to his manager, Ms. Cortes, regarding the lack of accommodation.

105.    As a direct result of Plaintiff's requests and complaints, Plaintiff was terminated by Defendant on or about July 19, 2021.

106.    Defendant knew of Plaintiff's disability and his requests as Plaintiff made these requests to his manager, Ms. Cortes.

107.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

108.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms.

Cortes and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

109.    Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

110.    If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation, were a motivating factor in the decision for the adverse employment action(s).

111.    Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  Any other relief this Court deems proper.

## COUNT VIII
## VIOLATION OF WORKERS' COMPENSATION LAWS

112.   Plaintiff re-alleges and re-avers paragraphs 1-20 and 30-43 as though full set forth herein.

113.   Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

114.   At all relevant times, Defendant has been and is an "employer" as that term is defined by Chapter 440, Florida Statutes § 440.202.

115.   On or about March 25, 2021, Plaintiff suffered a work-related injury and sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

116.   On July 19, 2021, Plaintiff was terminated from his position without a valid reason. Prior to his injury, Plaintiff had received positive reviews and recommendations from his supervisor and was not made aware of any performance deficiencies.

117.   It is clear that Defendant terminated Plaintiff because of his valid claim for compensation under the Workers' Compensation Law. Plaintiff's compensation claim was a motivating factor in Defendant's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the lack of disciplinary action or prior warning of work-performance related issues.

118.   Plaintiff's work record with Defendant prior to his termination was satisfactory.

119.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms. Cortes and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

120.    Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

WHEREFORE, Plaintiff demands judgment for:

    A.  Plaintiff's lost wages and/or benefits as a result of his termination;

    B.  Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

    C.  Interest on all monies owed;

    D.  Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

    E.  A trial by jury; and

    F.  Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff EDGAR BARRERA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 9, 2022

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200